In the Matter of CHILDS COMPANY et al., Appellants. MICHAEL J. MURPHY, as Acting Industrial Commissioner, Respondent.

Third Department, March 6, 1946.

*Weisman, Celler, Quinn, Allan & Spett,* attorneys (*Samuel S. Allan* and *Seymour D. Altmark* of counsel), for appellants.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Otto W. G. Marquard, Francis R. Curran, Assistant Attorneys-General* of counsel), for respondent.

*Per Curiam.* The Childs Company, which owns and operates a chain of restaurants, and The Host, Inc., a wholly-owned subsidiary of Childs, appeal from determinations as to contributions payable to the New York State Unemployment Insurance Fund. As to the Childs Company, it was determined that for the years 1936, 1937, 1938 and a portion of 1939 there is an unpaid balance of $46,750.20, and from The Host, Inc., for a

portion of 1937, 1938 and a portion of 1939 there is an unpaid balance of $186.05. These deficits arise on account of tips or gratuities received by waiters. Appellants computed the gratuities at nine cents for each hour of employment. Waiters receive from the employer that amount less per hour than the minimum payments to other workers. The State has computed the gratuities at 10% of the charges for meals. Appellants state that they are " only contesting the validity of the assessments which would subject them to substantial interest from January 1, 1936, and penalties. They do not concede, however, the correctness of the referee's determination as to the value of the gratuities."

The Unemployment Insurance Law (Labor Law, art. 18) here involved became effective April 25, 1935 (L. 1935, ch. 468), as to contributions by employers payable on and after January 1, 1936. The statute provides in part (§ 502, subd. 6, now § 517, subd. 1): " Where gratuities are received by the employee in the course of his employment from a person other than his employer, the value of such gratuities shall be determined by the commissioner and be deemed and included as part of his remuneration paid by his employer." The penalty for failure to make contributions is interest at the rate of 6% per annum, and a 5% penalty.

The assertion by appellants that proper notices and hearings were not given is not sustained by the proof. A recital of the notices, conferences and letters exchanged between State officials and appellants would serve no good purpose. The record as to written instructions begins in mid-1936 and continues until the date of the determination. Appellants were furnished official interpretations by the Industrial Commissioner April 1, 1936, and in the same month in 1937. The testimony of waiters and waitresses sustains the determination made as to the amount of the gratuities.

The decision made by the board as to each of the appellants should be affirmed.

All concur.

Decision affirmed, with costs to the Industrial Commissioner. [See *post*, p. 960.]